UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.   1:20-cv-1946 |
| DANA TOWNSEND, as the personal representative of WRONGFUL DEATH ESTATE OF CHARLES SPARKS, deceased, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), by counsel, for its Complaint for Declaratory Judgment against Defendant, Dana Townsend ("Townsend"), as the personal representative of the Wrongful Death Estate of Charles Sparks ("Sparks"), alleges and states as follows:

## Parties

1.      Liberty Mutual is an insurance company incorporated and having its principal place of business in the Commonwealth of Massachusetts.  At all relevant times, it has been authorized to transact business in the State of Indiana.

2.      Upon information and belief, Townsend is a citizen of the State of Indiana residing in Indianapolis, Marion County, Indiana.

3.      Upon information and belief, Townsend is the surviving spouse of Sparks, who died on August 12, 2019.

1

4.      Upon information and belief, Townsend was appointed personal representative of the Wrongful Death Estate of Sparks by the Marion County Superior Court, Probate Division, under Cause No. 49D08-1908-EU-036140.

## Jurisdiction and Venue

5.      This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

7.      The events giving rise to this matter occurred in the district out of which the cause of action in this case arise and, therefore, venue is proper in this district under 28 U.S.C. § 1391.

## The Underlying Action

8.      On January 17, 2020, Townsend filed a Complaint for Damages against Brittany Brummett ("Brummett") in an action entitled Dana Townsend, as personal representative of Wrongful Death Estate of Charles Sparks, deceased v. Brittany Brummett, under Cause No. 49D13-2001-CT-002451 in the Marion County Superior Court (the "Underlying Action"). A copy of the Complaint for Damages therein (the "Underlying-Action Complaint") is attached hereto as Exhibit "A".

9.      The Underlying-Action Complaint alleges that on August 7, 2019, while Sparks was walking in a parking lot of a McDonald's restaurant, he was involved in a motor-vehicle accident (the "August 7, 2019 accident"); i.e., he was struck by a vehicle operated by Brummett when she reversed the vehicle out of a parking spot.

10.      The Underlying-Action Complaint alleges that the August 7, 2019 accident caused Sparks to sustain personal injuries leading to his death on August 12, 2019.

11.     The Underlying-Action Complaint alleges that the August 7, 2019 accident was caused by the carelessness, recklessness and negligence of Brummett.

12.     In the Underlying Action, Townsend seeks the entry of a monetary judgment in her favor, including an award of punitive damages.

13.     On May 19, 2020, a default judgment was entered against Brummett in the Underlying Action.

**Insurance Policies**

14.     On information and belief, Brummett was uninsured at the time of the August 7, 2019 accident.

15.     At the time of the August 7, 2019 accident, Sparks maintained an automobile insurance policy (the "Auto Policy") issued by a Liberty Mutual affiliate, non-party Consolidated Insurance Company ("Consolidated"), which policy included uninsured motorists ("UM") bodily injury coverage.

16.     Following the August 7, 2019 accident, Townsend sought and subsequently received from Consolidated payment of a sum equal to the Auto Policy UM bodily injury coverage limit of liability.

17.     At the time of the August 7, 2019 accident, Sparks also maintained a personal liability protection insurance policy issued by Liberty Mutual (the "Personal Liability Policy"), which policy did not include UM bodily injury coverage (or other non-liability coverage).  A true and accurate copy of the Personal Liability Policy, No. LJ1-248-014041-70, is attached hereto as Exhibit "B".

18.     Following the August 7, 2019 accident, Townsend asserted a UM coverage claim under the Personal Liability Policy, notwithstanding the absence therefrom of any UM coverage.

19.     Liberty Mutual subsequently advised Townsend that the Personal Liability Policy did not include any UM coverage and, therefore, that no UM coverage payment would be made under the Personal Liability Policy.

20.     Thereafter, Townsend advised Liberty Mutual that she disagreed that the Personal Liability Policy did not include UM coverage.

21.     The Personal Liability Policy Declarations include the following pertinent provisions:

Coverage Information

|  | LIMITS |
| --- | --- |
| Personal Liability | $2,000,000 Each Occurrence |

22.     The Personal Liability Policy coverage form, in turn, includes the following pertinent provisions:

**II.     COVERAGE – PERSONAL EXCESS LIABILITY**

We will pay all sums in excess of the **retained limit** and up to our limit of liability for damages because of an **occurrence** resulting in **bodily injury**, **personal injury** or **property damage** to which this policy applies and for which the **insured** is legally liable.

**EXCLUSIONS**

**1.**     This policy does not apply to **bodily injury**, **personal injury** or **property damage** . . . [:]

   **p.**     for Uninsured Motorists, Underinsured Motorists, or any other coverage unless these coverages are specifically listed in your Personal Liability Protection policy Declarations. . . .

**2.**     This policy also does not apply to:

   **a.**     **bodily injury** or **personal injury** to any **insured**. . . .

   **d.**     **punitive or exemplary damages** awarded against any **insured**.

### Request for Declaratory Relief

23.     Based on the foregoing provisions thereof, the Personal Liability Policy provides no coverage for a UM claim by Townsend.

4

24.     Accordingly, Liberty Mutual has no obligation under the Personal Liability Policy to make any payment related to the claim asserted by Townsend in the Underlying Action.

25.     Accordingly, Liberty Mutual has no obligation to pay any judgment in favor of Townsend and against Brummett in the Underlying Action.

26.     Alternatively, even if there is UM coverage included in the Personal Liability Policy, Liberty Mutual would not be bound by any judgment entered in favor of Townsend and against Brummett in the Underlying Action as it is not a party therein and would remain entitled to litigate in a separate proceeding any and all liability and damages issues arising from the August 7, 2019 accident.

WHEREFORE, Plaintiff, Liberty Mutual Insurance Company, prays as follows:

(a)     For a declaration that Policy No. LJ1-248-014041-70 provides no UM coverage;

(b)     For a declaration that, under Policy No. LJ1-248-014041-70, Liberty Mutual has no obligation to make any payment related to the claim asserted by Townsend in the Underlying Action;

(c)     For a declaration that Liberty Mutual has no duty to pay any judgment which may be awarded in favor of Townsend against Brummett in the Underlying Action; and

(d)     Alternatively, for a declaration that, even if there is UM coverage under Policy No. LJ1-248-014041-70, Liberty Mutual is not bound by any judgment entered in favor of Townsend and against Brummett in the Underlying Action as it is not a party therein and remains entitled to litigate in a separate proceeding any and all liability and damages issues arising from the August 7, 2019 accident.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

 _s/ Casey R. Stafford_____
Casey R. Stafford, ID No. 27355-49
*Attorneys for Plaintiff*

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
Indianapolis, IN  46204
317-638-4521 Telephone
317-636-5917 Fax
cstafford@k-glaw.com

200504\60382064-1